[No. 37615.   Department One.   April 15, 1965.]

JUNE McDONALD, *Appellant,* v. THOMAS H. McDONALD, *Respondent.*\*

*Schroeter & Farris,* by *Donald J. Horowitz,* for appellant.

*McKenna & Box,* by *Bennett A. Box,* for respondent.

PER CURIAM.—This appeal results from a show-cause order, arising out of a divorce proceeding. The defendant

\*Reported in 401 P.2d 214.

(respondent), Thomas McDonald, was directed to show cause why he should not reimburse the plaintiff (appellant), June McDonald, in the amount of $1,850, which sum she was required to pay in settlement of a community obligation that was in existence at the time of the execution of a property-settlement agreement on April 13, 1961. The agreement was incorporated in a divorce decree entered July 18, 1961, in the parties' divorce action.

· It was the contention of the plaintiff wife that under the property-settlement agreement, the defendant husband was required to pay all existing community obligations.

The trial court held that it was the intention of the parties that the plaintiff pay the $1,850 settlement, as this was a charge against a parcel of real property which had been awarded her in the divorce decree. It entered judgment for the defendant, accordingly. The appeal followed.

The plaintiff contends that the language of the property-settlement agreement is clear and unambiguous, and that the trial court modified the agreement by entering such judgment.

· The pertinent portion of the property-settlement agreement is as follows:

4. The second party agrees to assume and pay, and save the first party harmless from all obligations which are now outstanding and which have been incurred by him, together with all obligations in connection with or concerning the property herein awarded to him.

5. The first party agrees to assume and save second party harmless from that certain mortgage with Hughbanks, Inc. on the real property herein awarded to her as her separate property, which mortgage now has a balance due in the sum of approximately $3,994.54.

6. It is mutually agreed that if either of the parties is required to pay an obligation assumed by the other party herein, the party so paying said obligation shall be entitled to be reimbursement [sic] by the other party for the amount so paid.

The record shows that two of three contiguous parcels of real estate were awarded to the defendant, and the third to the plaintiff. The property had been purchased from one C. D. Fallin and his wife, with the understanding that

houses would be built thereon and the purchase price would be paid from the proceeds of the sale of the houses. The houses were not sold, and in May, 1961, following the execution of the property-settlement agreement, but before the divorce decree was entered, suit was commenced by the Fallins against the plaintiff and defendant, for the purchase price, and a writ of attachment was issued against the real estate.

We are in agreement with the plaintiff's contention. The property-settlement agreement expressly provides that the second party (defendant) save the first party (plaintiff) harmless from all obligations "which are now outstanding and which have been incurred by him." The obligations for the purchase price of the aforesaid parcels of real property were outstanding at the time the agreement was entered into, and both parties concede that they were aware of same. The sole obligation assumed by the plaintiff under the agreement was to pay the balance due on the Hughbanks mortgage. Under the agreement, the plaintiff was entitled to reimbursement from the defendant in the event she paid any obligation assumed by defendant. This was such an obligation. Reimbursement, therefore, is required. The trial court, therefore, erred in entering judgment in favor of the defendant.

The plaintiff contends that the trial court erred in disallowing her request for attorney's fees. The allowance or disallowance of attorney's fees is within the sound discretion of the trial court. We find no abuse of the trial court's exercise of its discretion in the instant case, and it will not, therefore, be disturbed by this court.

The judgment is reversed, except as to the disallowance of attorney's fees, which is affirmed. The case is remanded for the entry of an appropriate judgment consistent with this opinion.

The parties will bear their own costs on this appeal.